## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CARJUAN D. ADKINS, #326167,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-00601-JPG** |
| | ) | |
| **ST. CLAIR COUNTY SHERIFF'S** | ) | |
| **DEPARTMENT, C/O FULTON,** | ) | |
| **BONNIE, C/O JERMANE,** | ) | |
| **MEMORIAL HOSPITAL,** | ) | |
| **UNKNOWN PARTIES, and** | ) | |
| **FAIRVIEW HEIGHTS POLICE DEPT.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Carjuan Adkins, who is currently detained at St. Clair County Jail ("Jail"), brings this *pro se* civil rights action pursuant to Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80 ("FTCA"). In the Complaint, Plaintiff asserts numerous claims for violations of his constitutional rights against state and private actors. (Doc. 1, pp. 1-13). These constitutional deprivations allegedly occurred in connection with his arrest and detention near Fairview Heights, Illinois, on or around January 8-9, 2020. (*Id.*). Plaintiff claims he was attacked by an invisible substance that tried to kill him. (*Id.* at 3-4). He was admittedly not in his "right mind" and "suffering mentally" at the time. (*Id.*). Plaintiff was then mistreated by the defendants following his arrest. (*Id.* at 4-13). He seeks attorney representation and money damages. (*Id.* at 10).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails

to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff cannot proceed with a claim against state or private actors under the Federal Tort Claims Act ("FTCA"). The FTCA provides jurisdiction for suits against the United States for torts committed by *federal* officials. *See* 28 U.S.C. §§ 1346, 2671-2680; *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). Plaintiff names *state* actors as defendants. If he wishes to pursue his claims for constitutional violations against state defendants, he should proceed under 42 U.S.C. § 1983. Even if the Court construes the allegations under Section 1983, however, it cannot analyze Plaintiff's claims. The Complaint is virtually incoherent. Plaintiff's allegations are loosely based in reality. (Doc. 1, pp. 1-13). He admittedly suffers from untreated mental illness. The Complaint violates the pleading requirements set forth under Federal Rule of Civil Procedure 8. Accordingly, the Complaint shall be dismissed for failure to state a claim for relief. However, the dismissal shall be without prejudice, and Plaintiff will have an opportunity to file an amended complaint focusing on a single set of related claims against one group of defendants.

Because Plaintiff has demonstrated a clear inability to articulate his claims and faces obvious mental health barriers to self-representation, the Court will assign counsel to represent him in this matter. There is no constitutional or statutory right to counsel in federal civil cases. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Even so, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Id.* When considering whether to assign counsel, the district court must consider, first, whether the plaintiff has made reasonable attempts to secure counsel and, if so, "whether the difficulty of the case—factually and legally—exceeds

the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)).  Having considered each of these factors, the Court finds that they weigh in favor of recruiting counsel to represent Plaintiff, both in preparing an amended complaint, if appropriate, and proceeding with his claims in this case.   The Court will randomly select counsel through the Case Management/Electronic Case Filing ("CM/ECF") system to represent Plaintiff *in this matter only*.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **August 25, 2020**.  Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

**IT IS ORDERED** that, for the reasons stated above, the Court deems it necessary to **ASSIGN** counsel to represent Plaintiff *in this case only*.   In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **Benjamin F. Westhoff** of **Sedey Harper Westhoff, P.C.** located in St. Louis, MO, is **ASSIGNED** to represent Plaintiff in this civil rights case.  On or before **July 10, 2020**, assigned counsel shall enter his/her appearance in this case.  Attorney Westhoff is free to share responsibilities with an associate who is also admitted to practice in this district court.  Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case.  Plaintiff

should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Doc. 1 to Attorney Westhoff. The electronic case file is available in CM-ECF.

**Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case**. The only exception is a pleading which asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to

pay attorney's fees in this case.  No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed.  Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district.  In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource.  It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases."  The Court encourages appointed counsel to consult it and Mr. Chapman as needed.

As of this date, Plaintiff's contact information is:

**CARJUAN D. ADKINS #326167**
**ST CLAIR COUNTY JAIL**
**700 North 5th Street**
**Belleville, IL 62220**

**IT IS SO ORDERED.**

**DATED:  6/25/2020**

s/ *J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**