## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CARJUAN D. ADKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-601-NJR** |
| | ) | |
| | ) | |
| **RICHARD WATSON, DAVID K.** | ) | |
| **NICHOLS, DELANCEY MOORE, II,** | ) | |
| **JOHN DOE #1 DOCTOR, JANE DOE #1** | ) | |
| **NURSE, JANE DOE #2 NURSE, JOHN** | ) | |
| **DOE #2, and JOHN DOE #3,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

Plaintiff Carjuan D. Adkins, who is currently detained at the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's original Complaint (Doc. 1) was dismissed without prejudice for failure to state a claim. He was assigned counsel to help him craft an Amended Complaint. In his First Amended Complaint (Doc. 15), Plaintiff alleges Defendants used excessive force against him and provided him with improper medical care. [1]

Specifically, the First Amended Complaint alleges the following two claims:

---

[1] Because Plaintiff was a pre-trial detainee at the time of the incident, his claims fall under the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment clause. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009).

**Count 1:**     **Fourteenth Amendment claim against Sheriff Watson, Dr. John Doe #1, and Jane Doe Nurse #1 for failing to provide Plaintiff with medical treatment for his psychiatric and psychotic symptoms.**

**Count 2:**     **Fourteenth Amendment claim against Sheriff Watson, Nichols, Moore, John Doe #2, and Jane Doe Nurse #2 for use of excessive force against Plaintiff in May 2020.**

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

Having reviewed the allegations in the First Amended Complaint, Plaintiff adequately sets forth claims against Defendants in Counts 1 and 2. *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018)); *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). As to John Doe #3, Plaintiff identifies him in the caption of his Complaint but fails to include any allegations against him in the statement of claim or individual counts. Accordingly, John Doe #3 is **DISMISSED without prejudice.**

For the reasons stated above, Count 1 shall proceed against Sheriff Watson, Dr. John Doe #1, and Jane Doe Nurse #1. Count 2 shall proceed against Sheriff Watson, Nichols, Moore, John Doe #2, and Jane Doe Nurse #2. John Doe #3 is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Richard Watson, David Nichols, and Delancey Moore, II: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail

these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. The Court will not serve the unknown defendants until properly identified by Plaintiff. After the Defendants have answered, the Court will enter a scheduling order setting forth the specific deadlines for identifying the John Doe.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  11/9/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your amended complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**