IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CARJUAN ADKINS,** | |
| **Plaintiff,** | |
| v. | Case No. 3:20-CV-00601-NJR |
| **SHERIFF RICHARD WATSON,** *et al.*, | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the court is a Motion to Dismiss (Doc. 47) filed by Defendant Sheriff Richard Watson. For the reasons set forth below, the Court denies the Motion.

### FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Carjuan Adkins filed his initial pro se complaint on June 23, 2020, making allegations relating to an arrest by subsequent detention in the St. Clair County Jail (Doc. 1). On preliminary screening, the Court observed that Adkins stated that he was suffering from mental illness and that his pro se filing was incoherent, accordingly assigning counsel (Doc. 6).

On August 6, 2020, Adkins filed his First Amended Complaint, containing two counts for deliberate indifference to a serious medical need and use of excessive force and naming eight defendants including Watson (Doc. 15). On January 11, 2021, Watson filed his first motion to dismiss for failure to state a claim (Doc. 33). That motion was mooted by the filing of a Second Amended Complaint on February 12, 2021, which alleges the

following counts pursuant to 42 U.S.C. § 1983:

    Count 1:  Deliberate indifference to a serious medical against Dr. John Doe I and Nurse Jane Doe I.

    Count 2:  Excessive and unreasonable use of force against Nurse Jane Doe II, Officer Nichols, Sgt. Moore, Officer John Doe II, and Officer John Doe III.

    Count 3:  Claim against Watson pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), based on his acquiescence and/or involvement in a policy or custom of the use of excessive force by officers under his command.

Watson has filed a second motion to dismiss, arguing that Count 3 should be dismissed for failure to state a claim (Doc. 47). Adkins responded on March 22 (Doc. 56), and Watson replied on April 5 (Doc. 59).

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. 570. A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012). The plausibility of allegations must be determined by reviewing the

complaint as a whole, and factual assertions must suggest a right to relief beyond mere speculation. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

## ANALYSIS

Watson argues that (1) Adkins fails to indicate Watson's personal involvement in the alleged offenses and thus falls short of alleging supervisory liability; (2) Adkins fails to state a claim for *Monell* liability by stating only conclusory allegations.

To start, the Court notes that the only count against Watson in the Second Amended Complaint is Count 3, alleging *Monell* liability in excessive use of force by officers under Watson's command. Adkins alleges, and Watson does not dispute, that Watson was Sheriff of St. Clair County, Illinois, and was the chief official in the St. Clair County Sheriff's Department during the time of Adkins's custody in the St. Clair County Jail. The allegations of Count 3 itself are indeed minimal, and in many respects merely state the elements of the claim with sentences such as, "Watson has established an official policy and/or acquiesced to an unofficial custom of correctional officers using excessive force to subdue detainees" (Doc. 40 at 8). This recital of the elements of the claim, however, is accompanied by certain factual allegations—namely, Adkins claims that he was subjected to excessive force on at least two occasions while in the custody of the St. Clair County Sheriff's Department, that he knows of another person detained whose head was "rammed … into the wall," and that correctional officers at the St. Clair County Jail have "otherwise used excessive force with other detainees" (Doc. 40).

These factual allegations are indeed minimal to support an allegation of a custom or practice of permitting the use of excessive force. They do, however, pass beyond mere

speculation or formulaic recitation of elements. As such, the allegations against Watson are not on their face so implausible as to justify dismissal at this stage, and Adkins should have the benefit of discovery to develop his claims further.

## Conclusion

For the reasons set forth above, the Motion to Dismiss (Doc. 47) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** April 9, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**