IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *CARJUAN D. ADKINS, #326167,* | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:20-cv-00601-NJR |
| | ) |
| *SHERIFF RICHARD WATSON (in his official capacity), SGT. BRAD NICHOLS,, SGT. DELANCEY MOORE, II, DR. MARKOWITZ, JANELLE BLOODWORTH, BONNIE JONES, CHARLES GERMAINE, PATRICK FULTON, and RICHARD SMITH,* | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS DR. DAVID MARCOWITZ, BONNIE JONES, AND JANELLE BLOODWORTH'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

COME NOW Defendants, Dr. David Marcowitz, Bonnie Jones, and Janelle Bloodworth (hereafter collectively referred to as the "Medical Defendants"), by and through their undersigned counsel, Sandberg Phoenix & von Gontard P.C., and pursuant to L.R. 7.1(g) for their Response in Opposition to Plaintiff's Motion For Reconsideration [Doc. 106], hereby state as follows:

**INTRODUCTION**

On March 15, 2022, this Honorable Court granted all Defendants' pending dispositive motions on the issue of exhaustion of administrative remedies (Docs. 77, 78, and 87). *See* Doc. 104. Following an evidentiary hearing, the Court concluded that Plaintiff did not properly exhaust the grievance procedure available at St. Clair County Jail prior to filing his lawsuit as required by the Prison Litigation Reform Act. *See* Doc. 104. On March 31, 2022, Plaintiff filed a

17003162.v1

Notice of Appeal and a Motion For Reconsideration regarding the Court's Order of Dismissal. *See* Docs. 106 & 107. The Medical Defendants file their Response in Opposition to Plaintiff's Motion For Reconsideration herein.

## LEGAL ANALYSIS AND ARGUMENT

Although Plaintiff labels his Motion as pursuant to Federal Rule of Civil Procedure 60(b), Plaintiff's Motion should be construed as a motion under Rule 59(e) because it was filed less than 28 days after judgment. *See Taylor v. Wexford Health Sources, Inc.*, 465 Fed.Appx. 561, 562 (7th Cir. 2012), citing to *Ho v. Taflove*, 648 F.3d 489, 495 nn.4-5 (7th Cir. 2011). Further, Plaintiff's motion seeks "reconsideration" from the district court rather than "relief from a judgment." *Id.* With that said, Defendants will address Plaintiff's Motion pursuant to both Rules.

*Construed as a Rule 59(e) Motion:*

The purpose of a Motion for Reconsideration is to "bring to the Court's attention newly discovered evidence or to a manifest error or law or fact." *See Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003); *citing Bordelon v. Chicago School Reform Bd. Of Trustees,* 233 F.3d 524, 529 (7th Cir. 2000). Under F.R.C.P. 59(e), reconsideration is justified where there is 1) "an intervening change in the law", or 2) "new evidence not available at the time of the original ruling; or 3) "clear legal error"; or 4) "the prevention of manifest injustice." *Loch v. Bd. of Educ. of Edwardsville Comm. Sch. Dist*. #7, No. 06-cv-17-MJR, 2007 WL 2701274, (Sept. 12, 2007). *Publishers Resource, Inc. v. Walker-Davis Publications, Inc*., 762 F.2d 557, 561 (7th Cir. 1985) (Rule 59(e) Motions serve a limited function: "to correct manifest errors of law or act or to present newly discovered evidence").

The 7th Circuit has a well-established rule that the re-litigation of issues already presented to the Court is not an appropriate basis for a Motion for Reconsideration. The Courts have ruled

"[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous Motion." *Caisse National de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996). Furthermore, Rule 59(e) does not provide the litigant the opportunity to discuss new facts or assertions that were available to him and should have been addressed prior to the judgment. *Moro v. Shell Oil Co.* 91 F.3d 872, 876 (7th Cir. 1996) (Finding that "the rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the District Court prior to the judgment.").

Plaintiff's Motion fails to point to an intervening change of law, nor does he assert newly identified evidence, a clear legal error or a manifest injustice. Thus, Plaintiff's current Motion can only be seen as an opportunity to re-litigate issues already ruled on by this Court. Therefore, Plaintiff's Motion should be denied.

*Construed as a Rule 60(b) Motion:*

Federal Rule 60(b) does not entitle Plaintiff to relief either.  Federal Rule 60(b) authorizes a district court to "relieve a party...from a final judgment, order, or proceeding" for certain enumerated reasons.  Plaintiff specifically argues "excusable neglect" under F.R.C.P. 60(b)(1).  However, the "excusable neglect" he refers to is with respect to utilization of the grievance procedure. *See* Doc. 106.  This argument was already presented and, more importantly, is not the correct application of "excusable neglect" under F.R.C.P. 60(b)(1).  The Court did not make any mistakes of law or fact that would justify the relief that Plaintiff seeks and, therefore, Plaintiff may not rely upon F.R.C.P. 60(b)(1) to have the judgment set aside. *Thompson v.*

*Bukowski*, 2018 U.S. Dist. LEXIS 232267, *4 (citing to *Banks v. Chicago Bd. Of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014)).

Rule 60(b) relief is appropriate only on grounds that could not have been raised on direct appeal. *See Whitaker v. Morgan*, 65 Fed.Appx. 556, 558 (7th Cir. 2003). Should the Court interpret Plaintiff's Motion pursuant to Rule 60(b), then Plaintiff's Motion should still be denied.

## CONCLUSION

Neither reconsideration under F.R.C.P. 59(e) or relief under F.R.C.P. 60(b) is appropriate in this matter for the reasons set forth by Plaintiff in his Motion. Plaintiff simply seeks to rehash arguments and contradictory testimony already considered by the Court. Therefore, the Medical Defendants respectfully request the Court deny Plaintiff's Motion For Reconsideration.

WHEREFORE, Defendants Marcowitz, Jones, and Bloodworth respectfully request this Court deny Plaintiff's Motion for Reconsideration and for all other relief that this Court may deem just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By:  */s/Kevin K. Peek*
Rodney M. Sharp, #6191776
Kevin K. Peek, #6328823
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
rsharp@sandbergphoenix.com
kpeek@sandbergphoenix.com

*Attorneys for Defendants, Dr. David Markowitz, Bonnie Jones and Janelle Bloodworth*

**Certificate of Service**

I hereby certify that on this the 12th day of April 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Bryon E. Hale
Barklage, Brett & Hanill, P.C.
bhale@barklage-brett.com
*Attorney for Plaintiff*

Thomas J. Hunter
Becker, Hoerner & Ysursa, P.C.
tjh@bhylaw.com
*Attorneys for Defendants Richard Watson,*
*Brad Nichols, Delancey Moore, II,*
*Charles Germaine, Patrick Fulton and Richard Smith*

                                                  */s/Kevin K. Peek*