IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARJUAN D. ADKINS,

Plaintiff,

v.                                                    Case No. 20-cv-601-NJR

RICHARD WATSON, *et al.*,

Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Carjuan D. Adkins's motion for reconsideration (Doc. 106). He seeks reconsideration of the Order granting Defendants' summary judgment motions and the Judgment entered in this case (Docs. 104-105). Defendants filed responses to the motion (Docs. 114, 115). Defendants Patrick Fulton, Charles Germaine, Delancey Moore, II, Richard Smith, and Richard Watson also filed a motion to strike Adkins's motion because he was still represented by assigned counsel when he filed his motion to reconsider(Doc. 115). But assigned counsel has since been granted leave to withdraw because his assignment ended with the entry of the Judgment in this case. Thus, the Court finds that Adkins's properly filed a *pro se* motion to reconsider, but the motion to strike (Doc. 115) is **DENIED**.

### Procedural Background

On June 23, 2020, Plaintiff Carjuan D. Adkins, who at the time of filing his original Complaint was a pretrial detainee at the St. Clair County Jail, filed a Complaint (Doc. 1). He eventually was appointed counsel and filed a Second Amended Complaint alleging excessive

force and deliberate indifference to his psychiatric issues (Doc. 40). Defendants sought summary judgment (Docs. 77 and 87), arguing that Adkins failed to exhaust his administrative remedies prior to filing his lawsuit. On March 8, 2022, the Court held an evidentiary hearing on the motion (Doc. 103). The Court granted both motions for summary judgment, finding that Adkins failed to exhaust his administrative remedies (Doc. 104). Adkins now seeks the Court's reconsideration of that Order.

Adkins maintains that he is entitled to a reconsideration due to excusable neglect (Doc. 106, p. 1). He argues that his failure to exhaust was not willful or intentional (*Id*. at p. 3). He notes that from January 9, 2020, until April 5, 2021, he suffered from a severe mental illness and he was incoherent and not in touch with reality. He could not understand or even speak. He also notes that he was hospitalized on two occasions after April 5, 2021, and later diagnosed with schizophrenia, bi-polar disorder, and paranoia (*Id*. at p. 5). On November 10, 2021, he was arrested again while suffering from another mental health episode but has now been provided with the correct mediation that helps him with comprehension. Because he was suffering from a mental health episode during his initial period in custody, he argues that he did not understand and could not follow the grievance process. He later states that he may have understood the procedure but was unable to complete it fully due to his illness (*Id*. at p. 7). He could not read or write and points out that his initial Complaint was labeled as virtually incoherent (*Id*. at p. 6). He believes that this presents a special circumstance which should excuse him from exhausting his administrative remedies.

As to his May 2020 grievance, he now states that he was under quarantine and was not allowed paper. He did receive a complaint form from an inmate and filled it out. He signed an affidavit on advice of his attorney stating that he did not file a grievance, but he

now says that he told his attorney that he remembered submitting a grievance but could not remember the exact date (*Id*. at p. 6). He also argues that his mental illness was still untreated at the time he signed his affidavit (*Id*.).

<u>**Legal Standards**</u>

Adkins indicates that he seeks a reconsideration of the Court's Order under Federal Rule of Civil Procedure 60(b). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606

(7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Russell,* 51 F.3d at 749; *Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir. 2000).

## Analysis

Although Adkins labels his motion as a Rule 60(b) motion to reconsider, he fails under either standard. Adkins argues he is entitled to excusable neglect. He argues that he was struggling from mental illness during his time in St. Clair County Jail and while he was helping his attorney write his responsive brief. But the Court already considered his mental state in ruling on the summary judgment motions. The Court acknowledged that Adkins's counsel argued the grievance process was not available to Adkins because of his mental state, but ultimately found that he understood the grievance process and was able to follow the process on numerous occasions (Doc. 104, p. 9). But as to the grievances relevant to the claims in this case, Adkins failed to fully exhaust them. Adkins offers no new evidence or arguments that would change the Court's findings, nor has he presented any argument that could not

have been raised previously. He argues that his counsel instructed him to state that he did

not file a grievance in May 2020 when he believes that he did submit a grievance. But again,

the Court acknowledged in its previous Order that Adkins argued at the hearing that he

submitted a grievance in May, but found no evidence in the record to support his argument

(Doc. 104, pp. 11-12). Nor has he shown or demonstrated "excusable neglect" because Adkins

raised all of his arguments previously in arguing the summary judgment motions. *See*

*Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006) (The review of excusable neglect

is "an equitable one, taking account of all relevant circumstances surrounding the party's

omission."). Adkins's motion to reconsider merely rehashes arguments that were already

raised and rejected by the Court. Thus, he has not offered any argument that would change

the Court's rulings on the dispositive motions.

**Conclusion**

Accordingly, Adkins's motion to reconsider (Doc. 106) is **DENIED**.


**IT IS SO ORDERED.**

**DATED:   May 2, 2022**


**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**